1
2
3
4
5
6
7

8                        UNITED STATES DISTRICT COURT

9                       CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11    FREDDIE GEORGE SANCHEZ, | Case No. 2:24-cv-11092-AB-RAO |
| 12                    Petitioner, | |
| 13          v. | ORDER SUMMARILY DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION AND DENYING CERTIFICATE OF APPEALABILITY |
| 14    STEPHEN SMITH, Warden, | |
| 15                    Respondent. | |

16

17                    **I.    BACKGROUND**

18          On December 23, 2024, Petitioner Freddie George Sanchez filed a Petition for

19   Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28

20   U.S.C. § 2254.  Dkt. No. 1 ("Pet.").  Petitioner seeks habeas relief from his current

21   custody status arising from his 2012 conviction in Los Angeles County Superior

22   Court bearing case number BA367914-02.  Pet. at 2.

23          The records of this Court show that the Petitioner previously filed a habeas

24   action concerning the same 2012 conviction and sentence.  *See Sanchez v. Holland*,

25   No. 2:15-cv-04851-AB-RAO (C.D. Cal. Feb. 17, 2017).[1]  In Petitioner's prior habeas

26

27   ─────────────────────────

28   [1] The Court takes judicial notice of the court records and files as well as those of the Court of Appeals for the Ninth Circuit, as necessary herein.  *See* Fed. R. Evid.

1    action concerning his 2012 conviction and sentence, the Court denied with prejudice

2    the operative petition on the merits.  Order Accepting Findings, Conclusions, and

3    Recommendations of United States Magistrate Judge, *Sanchez v. Holland*, No. 2:15-

4    cv-04851-AB-RAO (C.D. Cal. Feb. 17, 2017), ECF No. 46; Judgment, *Sanchez v.*

5    *Holland*, No. 2:15-cv-04851-AB-RAO (C.D. Cal. Feb. 17, 2017), ECF No. 47.

6         A review of the instant Petition demonstrates that Petitioner again seeks federal

7    habeas relief concerning the same 2012 conviction and sentence.  Pet. at 2.  Neither

8    the Petition itself nor the records of the Ninth Circuit establish that the Ninth Circuit

9    has authorized Petitioner to bring a successive petition in this Court.

10                    **II.    DISCUSSION**

11        The United States Supreme Court has explained:

12        The Antiterrorism and Effective Death Penalty Act of 1996
          (AEDPA) established a stringent set of procedures that a
13        prisoner "in custody pursuant to the judgment of a State
          court," 28 U.S.C. § 2254(a), must follow if he wishes to file
14        a "second or successive" habeas corpus application
          challenging that custody, § 2244(b)(1).  In pertinent part,
15        before filing the application in the district court, a prisoner
16        "shall move in the appropriate court of appeals for an order
          authorizing the district court to consider the application."
17        § 2244(b)(3)(A).  A three-judge panel of the court of
          appeals may authorize the filing of the second or successive
18        application only if it presents a claim not previously raised
19        that satisfies one of the two grounds articulated in
          § 2244(b)(2).
20
21
22    *Burton v. Stewart*, 549 U.S. 147, 152–53 (2007) (citing 28 U.S.C. § 2244(b)(3)(C);

23    *Gonzalez v. Crosby*, 545 U.S. 524, 529–30 (2005); *Felker v. Turpin*, 518 U.S. 651,

24    656–57, 664 (1996)).

25        The Court finds that Petitioner's present Petition is clearly a "second or

26    successive" habeas petition.  *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009)

27    ────────────────────

28    201(b)(2); *Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012);
      *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

                                    2

1    ("[D]ismissal of a section 2254 habeas petition for failure to comply with the statute

2    of limitations renders subsequent petitions second or successive for purposes of

3    AEDPA." (citation omitted)).  Moreover, the Petition and records of the Ninth Circuit

4    establish that Petitioner has not sought, and been granted, authorization by the Ninth

5    Circuit to file a successive petition to raise his claims.

6         For these reasons, the Court finds that it lacks jurisdiction to consider the

7    Petition.  Therefore, the reference to the Magistrate Judge is vacated and the Petition

8    is dismissed for lack of jurisdiction.  *See Burton*, 549 U.S. at 152–53.  All pending

9    motions are denied as moot.  The Clerk is directed to enter judgment dismissing the

10   Petition.

11              **III.    CERTIFICATE OF APPEALABILITY**

12        Under AEDPA, a state prisoner seeking to appeal a district court's final order

13   in a habeas corpus proceeding must obtain a Certificate of Appealability ("COA")

14   from the district judge or a circuit judge.  28 U.S.C. § 2253(c)(1)(A).  A COA may

15   issue "only if the applicant has made a substantial showing of the denial of a

16   constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by

17   demonstrating that jurists of reason could disagree with the district court's resolution

18   of his constitutional claims or that jurists could conclude the issues presented are

19   adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537

20   U.S. 322, 327 (2003).

21        When the Court dismisses a petition on procedural grounds, it must issue a

22   COA if the petitioner shows: (1) "that jurists of reason would find it debatable

23   whether the petition states a valid claim of the denial of a constitutional right"; and

24   (2) "that jurists of reason would find it debatable whether the district court was

25   correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

26        Here, the Court is dismissing the Petition without prejudice because it is a

27   successive petition without proper authorization from the Ninth Circuit.  Since the

28   Petition is patently a successive petition, Petitioner cannot make the requisite

showing that jurists of reason would find it debatable whether the district court was

correct in its procedural ruling.

## IV.    **ORDER**

Based on the foregoing, IT IS ORDERED THAT:

1. The Petition is **DISMISSED** without prejudice for lack of jurisdiction; and

2. A Certificate of Appealability is **DENIED**.

DATED: May 12, 2025

_____
ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE

4